UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIMITRI Z. STORM,

          Plaintiff,

    v.

CDCR SECRETARY, *et al.*,

          Defendants.

Case No.  2:25-cv-3290-DC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brings this action and alleges that the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), the Warden of Mule Creek State Prison, a correctional captain named Alwazani, and the CDCR "CIAU Correctional Analysts Unit" have engaged in a vague conspiracy to harm him.  ECF No. 1 at 3-5.  Before this action can proceed, however, plaintiff must pay the filing fee because he is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).  Plaintiff has had at least three cases dismissed for failure to state a claim upon which relief can be granted.  The court takes judicial notice of the following cases constituting strikes because each was dismissed for failure to state a claim: (1) *Storm v. Newsom*, 1:24-cv-0236-KES-BAM (P), dismissed February 7, 2025; (2) *Storm v. Newsom*, 1:24-cv-0743-JLT-SKO (P), dismissed August 18, 2025; and (3) *Storm v. Warden*, 2:25-cv-1483-DJC-AC (P), dismissed December 8, 2025.

1

Plaintiff might be entitled to proceed *in forma pauperis* in spite of this status, if he alleged he was in imminent danger. The claims do not make such an allegation. He vaguely alleges that the CDCR secretary has conspired with the "CIAU Correctional Intelligence Analyses Unit" to harm him. ECF No. 1 at 3. Plaintiff alleges that the defendants have worked to cover up "domestic terrorism [and] "extremist group act." *Id.* He also claims that files in his possession from the Defense Intelligence Agency and Pentagon were confiscated from him. *Id.* at 4. Attached to his complaint are pages obtained from the Federal Bureau of Investigation by way of a Freedom of Information Act request. *Id.* at 7. These records, dating from 1981, appear to relate to an Italian national named Lucio Gelli. *Id.* at 8-16. I cannot tell what relevance, if any, plaintiff is asserting that these files possess.

Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within twenty-one days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     March 17, 2026                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2